UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
═══════════════════════════════════════X

EDWARD PARKE                                              **DOCKET NO.:**

                Plaintiff

     - against -                                     **COMPLAINT**

ALAN JACOBY, ANTHONY LIPARI,                             ***JURY TRIAL DEMANDED***
ANTHONY LIPARI AND ASSOCIATES,
NASSAU COUNTY, NASSAU COUNTY
POLICE DEPARTMENT, NASSAU
COUNTY DETECIVE MATTHEW J.
OCONNELL, in his individual and official
capacity, NASSAU COUNTY DETECIVE
JOSEPH RUBINO, in his individual and
official capacity, NASSAU COUNTY SGT
PATRICK C ONEILL, in his individual and
official capacity, NASSAU COUNTY
POLICE OFFICERS JOHN AND JANE DOE
# 1- 10, in their individual and official
capacities, NASSAU COUNTY DISTRICT
ATTORNEY'S OFFICE, NASSAU COUNTY
DISTRICT ATTORNEY'S OFFICE JOHN
AND JANE DOE # 1-10 in their individual
and official capacities, JOHN AND JANE
DOE # 1- 10

             Defendants
═══════════════════════════════════════X

     **PLAINTIFF, EDWARD PARKE**, by and through his attorneys The Law Offices of

Michael J. Alber, P.C., as and for his *Complaint* against the Defendants herein, states and

alleges as follows:

## PRELIMINARY STATEMENT

     1)    This is a civil action seeking monetary relief, a declaratory judgment,

compensatory and punitive damages, disbursements, costs and fees for violations of the

Plaintiff's rights, abuse of process, false arrest, malicious prosecution, intentional infliction of emotional distress, and gross negligence, brought pursuant to *42 U.S.C.* §§ 1981, 1983 and 1985 the 4th, 5th and 14th Amendment to the United States Constitution and New York State Law..

      2)     Specifically, the Plaintiff, EDWARD PARKE alleges that the Defendants (collectively and individually) negligently, wantonly, recklessly, intentionally and knowingly sought to and did wrongfully deprive him of his Constitutional rights, pursuant to the above-mentioned statutes and causes of action by committing acts under color of law and depriving the Plaintiff of rights secured by the Constitution and laws of the State of New York.

      3)     Plaintiff alleges that Defendants ALAN JACOBY, ANTHONY LIPARI, ANTHONY LIPARI AND ASSOCIATES, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, in his individual and official capacity NASSAU COUNTY SGT PATRICK C ONEILL, in his individual and official capacity,  NASSAU COUNTY DETECIVE JOSEPH RUBINO, in his individual and official capacity, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1- 10 all conspired to either condone harassment or harass the Plaintiff by abusing process of law, creating false criminal complaints, arresting Plaintiff, causing Plaintiff's arrest by filing false statements, condoning the filing of false statements, and, *inter alia*, barraging the Plaintiff with oddities ranging from death threats and unwarranted calls to service crews (that would arrive at Plaintiff's residence) to calling Plaintiff's wife in the early hours of the morning to imply that he was engaging in an extramarital affair.

4)     Plaintiff alleges that Defendants (collectively and individually) and Defendant NASSAU COUNTY their agents, employees and servants, *inter alia*, falsely detained, falsely arrested, maliciously prosecuted and unlawfully harassed Plaintiff, EDWARD PARKE.

5)     Plaintiff alleges that the Defendants (collectively and individually) were grossly negligent in their arrest and subsequent detainment of Plaintiff and negligent, in making criminal allegations, arresting, charging and prosecuting Plaintiff.

6)     NASSAU COUNTY Defendants (Police, District Attorneys, John and Jane Does) were grossly negligent and/or intentionally and recklessly breached their duties of care and duties to intervene with respect to their interactions with and treatment of Plaintiff as described herein.

7)     Plaintiff further alleges that Defendants NASSAU COUNTY (collectively and individually) were negligent in training, hiring and supervising its Police Officers, District Attorneys, employees, representatives, and/or agents. Moreover, Plaintiff alleges that Defendants NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT and the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE (collectively and individually) were deliberately indifferent to the need to train Officers, Attorneys, Agents and Staff. Accordingly, Defendants are liable to the Plaintiffs for abuse of process, false arrest, malicious prosecution, use of excessive force, assault, battery, and for conspiring to condone and encourage such civil rights violations by failing to properly investigate the alleged criminality of Plaintiff, the arrest of Plaintiff, the detention of Plaintiff, the prosecution of Plaintiff, Plaintiff's criminal complaints against

3

ALAN JACOBY and for maliciously failing to investigate and punish the actions of the individual Defendants.

8)     As a result of the Defendants' actions (or lack thereof), Plaintiff suffered physical pain and mental suffering, was caused to expend monies on legal fees, caused to suffer harm to reputation. Plaintiff incurred significant cost and expenses due to the Defendants' actions, including but not limited to: substantial legal fees, medical bills, loss of liberty, loss of good name and standing in the community, serious physical injuries, emotional distress and other cost/expenses

9)     The Plaintiff further alleges that the Defendants NASSAU COUNTY and the NASSAU COUNTY POLICE DEPARTMENT had a duty to train, supervise and discipline NASSAU COUNTY POLICE OFFICERS, including the Defendant NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, in his individual and official capacity NASSAU COUNTY SGT PATRICK C ONEILL, in his individual and official capacity, and NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1- 10 ("POLICE OFFICERS JOHN AND JANE DOE # 1- 10"), and were negligent in failing to properly hire, supervise and discipline the Defendant OFFICERS for their unlawful actions as described above.

10)     Additionally, the Plaintiff alleges that the Defendants NASSAU COUNTY and the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE had a duty to train, supervise and discipline NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE JOHN AND JANE DOE # 1-10 in

4

their individual and official capacities and were negligent in failing to properly hire, supervise and discipline the Defendant DISTRICT ATTORNEY's for their unlawful actions in investigation and failure to investigate claims of innocence and/or criminal wrongdoing, failure to provide exculpatory information and failure to discontinue the criminal prosecution of EDWARD PARKE when probable cause dissipated and/or no longer existed.

11)    Such acts caused Plaintiff EDWARD PARKE to suffer multiple injuries including but not limited to lost wages, special damages, mental anguish, mental pain and suffering, fear, anxiety, humiliation, embarrassment, loss of future employment, loss of business, incarceration, permanent damage to standing in the community, loss of freedom, loss of support, damage to name and reputation, and other injuries not yet fully ascertained.

## JURISDICTION AND VENUE

12)    The jurisdiction of this Court is invoked under 28 U.S.C.  §§ 1331 and 1343.

13)    This Court is requested to exercise supplemental jurisdiction with respect to Plaintiff's State Law claims pursuant to 28 U.S.C. §1367.

14)    Venue in the Eastern District of New York is proper under 28 U.S.C. § 1391, based on the fact that the place where the events and violations herein alleged occurred was in Nassau County.

## ADMINISTRATIVE PROCEEDINGS AND TIMELINESS

15)    Plaintiff timely and properly served notice of claim on the Municipal

Defendants in accordance with the General Municipal Law §50-e.

16)     Well over ninety (90) days have elapsed since the claim was presented and Defendants failed to adjust or make payment on the claim.

17)     This action has been commenced within the three-year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1985 and 1986.

18)     This action has been commenced within the statute of limitations applicable to the pendant state claims asserted herein.

## PARTIES

19)     Plaintiff, EDWARD PARKE (hereinafter "PLAINTIFF") is a male who currently resides in Nassau County, New York.

20)     At all times relevant in this Complaint, and upon information and belief, DEFENDANT NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL is an employee of Defendant Nassau County Police Department. NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL is being sued in his individual and official capacities.

21)     At all times relevant in this Complaint, and upon information and belief, DEFENDANT DETECIVE J. RUBINO (Shield #1224) is an employee of Defendant Nassau County Police Department. NASSAU COUNTY DETECIVE MATTHEW J. RUBINO ("RUBINO") is being sued in his individual and official capacities.

22)     At all times relevant in this Complaint, and upon information and belief, DEFENDANT NASSAU COUNTY SGT PATRICK C ONEILL is an employee of

6

Defendant Nassau County Police Department. NASSAU COUNTY SGT PATRICK C ONEILL is being sued in his individual and official capacities.

23)     Defendant NASSAU COUNTY (hereinafter "COUNTY") is a municipal corporation, duly organized and existing under and by virtue of the laws of New York State.

24)     Defendant   NASSAU COUNTY POLICE DEPARTMENT (hereinafter "POLICE DEPARTMENT") is an agency of NASSAU COUNTY.

25)     During all times herein mentioned the defendants NASSAU COUNTY OFFICE OF THE DISTRICT ATTORNEY (hereinafter "DISTRICT ATTORNEYS OFFICE") is an agency of NASSAU COUNTY.

26)     At all times relevant in this Complaint, and upon information and belief, DEFENDANTS NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10 are members of the NASSAU COUNTY POLICE DEPARTMENT and are employed by NASSAU COUNTY, a municipality organized under the laws of the State of New York. Defendants NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10 are being sued herein in their individual and official capacities.

27)      During all times mentioned in this complaint, the above Defendants were acting under color of law, to wit, under color of the Constitution, statutes, ordinances, laws, rules, regulations, policies, customs and usages of the State of New York and/or NASSAU COUNTY.

28)     Further, each of the Defendants at all times relevant to this action had the

power and the duty to restrain the other Defendants and prevent them from violating the law and the rights of the plaintiff but each of the Defendants failed and refused to perform that duty, failed and refused to restrain the other Defendants and thereby became a party to the unnecessary subjection of harm and denial of basic rights of the plaintiff.

29)   At all times relevant in this Complaint, and upon information and belief, ALAN JACOBY is a male who currently resides in Nassau County. Defendant ALAN JACOBY ("JACOBY") is responsible for, *inter alia*, harassing, causing false criminal complaints to be filed against the Plaintiff and other misconduct to which Defendant is liable to Plaintiff EDWARD PARKE as further described within.

30)   At all times relevant in this Complaint, and upon information and belief, ANTHONY LIPARI is a male who currently resides in Nassau and operates a business on Long Island, New York, ANTHONY LIPARI AND ASSOCIATES. Defendant ANTHONY LIPARI and ANTHONY LIPARI AND ASSOCIATES ("LIPARI") is responsible for, *inter alia*, employing JACOBY and/or harassing, causing false criminal complaints to be filed against the Plaintiff and other misconduct to which Defendant is liable to Plaintiff EDWARD PARKE as further described within.

## **FACTUAL ALLEGATIONS**

31)   Plaintiff, EDWARD PARKE, maintained a residence at Levittown, New York. At all times relevant in this Complaint, Plaintiff resided within the Eastern District of New York.

32)   Plaintiff, EDWARD PARKE was falsely arrested, the subject of false,

8

misleading and inappropriate allegations, detained and criminal process issued against him on or about October 10, 2015.

33)     Plaintiff, EDWARD PARKE was charged with crimes of Aggravated Harassment in the Second Degree (NY PL 240.30(1A)) as well as Aggravated Unlicensed Operation of a Vehicle (VTL 511.2).

34)     Such charges against EDWARD PARKE are inappropriate insofar as Plaintiff PARKE was never driving a vehicle as alleged by Defendants and never uttered a word to the alleged complainant, as confirmed by several witnesses.

35)     To be clear, the criminal charges lodged against EDWARD PARKE were false and maliciously made by ALAN JACOBY and/or ANTHONY LIPARI/ANTHONY LIPARI AND ASSOCIATES to cause Plaintiff EDWARD PARKE dismay, financial harm, damage to reputation and standing in the community and to cause emotional distress to Plaintiff EDWARD PARKE.

36)     The criminal charges lodged against EDWARD PARKE were false and maliciously made by ALAN JACOBY and/or ANTHONY LIPARI/ANTHONY LIPARI AND ASSOCIATES to in an effort to, *inter alia*, eliminate competition in the Fire Industry.

37)     The Fire Industry to which EDWARD PARKE and ALAN JACOBY engaged is a restoration business and is referred to throughout the complaint as the "Fire Industry."

38)     Both EDWARD PARKE, ALAN JACOBY and others, including but not limited to ANTHONY LIPARI engaged in Fire Industry Businesses insofar as both were

9

available to the repair of residential and commercial premises when such premises underwent fire damage.

39)     At one point, both EDWARD PARKE and ALAN JACOBY worked together in the Fire Industry Businesses but EDWARD PARKE did disengage from the business relationship when ALAN JACOBY made threats, explicitly and implicitly, against EDWARD PARKE.

40)     Afterwards, at times, both EDWARD PARKE and ALAN JACOBY would appear at residential and/or commercial premises when such premises underwent fire damage.

41)     Upon information and belief, the Fire Industry is very competitive and those involved, at times, engage in underhanded business practices some of which are described below.

42)     ALAN JACOBY engaged in unfair practices in the Fire Industry, as witnessed by the instant complaint, by, *inter alia*, making false complaints of criminal conduct, making false allegations of wrongdoing, marital infidelity and libelous and slanderous material to eliminate competition.

43)     Not a stranger to the criminal justice system, ALAN JACOBY previously engaged in unfair practices in the Fire Industry by committing certain criminal activities including but not limited to the filing of false criminal charges/allegations.

44)     Upon information and belief, ALAN JACOBY was charged for third degree burglary after breaking into the Uniondale firehouse, arrested for possession of a forged instrument in the second degree, was arrested for driving illegally to meet his probation

officer, arrested for making harassing and threatening phone calls to a woman and reprimanded for attempting to violate ignition interlock requirements.

45)    Further, upon information and belief, ALAN JACOBY falsely accused CHRISTOPHER CHARLES of aggravated harassment.

46)    Upon information and belief, CHRISTOPHER CHARLES was/used to be a competitor of ALAN JACOBY'S.

47)    Upon information and belief, CHRISTOPHER CHARLES was charged with a crime while he worked for SOS Restoration, also in the Fire Industry.

48)    Upon information and belief, albeit CHRISTOPHER CHARLES used to be a competitor of ALAN JACOBY'S, now it is believed that both CHIRSTOPHER CHARLES and ALAN JACOBY are working together in harassing, humiliating and creating various problems for Plaintiff EDWARD PARKE.

49)    Upon information and belief, CHRISTOPHER CHARLES was arrested for impersonating a cop where EDWARD PARKE was a witness who cooperated with the authorities resulting in the prosecution of CHRISTOPHER CHARLES.

50)    Upon information and belief, ALAN JACOBY works for ANTHONY LIPARI who owns part of SOS restoration.

51)    Upon information and belief, CHRISTOPHER CHARLES has engaged in various bizarre behavior and may very well be linked to ALAN JACOBY's false complaints and allegations against Plaintiff EDWARD PARKE.

52)    At one point in the past, CHRISTOPHER CHARLES told Plaintiff EDWARD PARKE to "get a gun," implying a threat of violence and/or imminent violence

11

coming his way whereby PARKE should be ready to defend himself and/or his family.

53)   Upon information and belief, CHRISTOPHER CHARLES and/or ALAN JACOBY have physically threatened Plaintiff on several occasions via the use of an anonymous or disguised phone call.

54)   On or about October 6, 2015, around 10:30 PM, in connection with location 351 Hempstead Turnpike, Elmont, NY a false emergency (911) phone call was placed.

55)   On the same date, October 6, 2015, such 911 phone call was false and accused Plaintiff EDWARD PARKE of having a gun and/or being violent in some regard.

56)   Indeed, on October 6, 2015 in connection with location 351 Hempstead Turnpike, Elmont, NY a false emergency (911) phone call was placed whereby police surrounded Plaintiff EDWARD PARKE and accused Plaintiff of having a gun.

57)   This false emergency (911) phone call was placed shortly after CHARLES' threat and/or instruction that EDWARD PARKE should carry a gun.

58)   Upon information and belief, CHRISTOPHER CHARLES, ALAN JACOBY, JOSEPH PANZARELLA and/or JOHN AND JANE DOE # 1-10 were responsible for the above October 6, 2015 911 phone call.

59)   Such October 6, 2015 911 phone call was unfounded, without basis in fact and designed to cause Plaintiff EDWARD PARKE to be arrested, detained, humiliated and/or harmed by the intervention of the NASSAU COUNTY POLICE DEPARTMENT.

60)   JOSEPH PANZARELLA, also a business competitor of Plaintiff EDWARD PARKE in the Fire Industry, also engaged in inappropriate, questionable and/or illegal behaviors to deter and steer business in his direction and away from Plaintiff EDWARD PARKE.

61)   Upon information and belief, JOSEPH PANZARELLA engaged in making false complaints against Plaintiff including but not limited to false criminal complaints against the Plaintiff.

62)   JOSEPH PANZARELLA did also file a civil lawsuit naming EDWARD PARKE as a defendant to which there was no basis in law or fact that would result in Plaintiff EDWARD PARKE's liability to JOSEPH PANZARELLA.

63)   Plaintiff EDWARD PARKE has since been the recipient of a barrage of harassing phone calls and unsolicited business calls to which, upon information and belief, come from his competitors in the Fire Industry, including but not limited to CHRISTOPHER CHARLES, ALAN JACOBY and/or JOSEPH PANZARELLA.

64)   Plaintiff EDWARD PARKE received phone calls from South Nassau Community Hospital Psychiatric counseling on or about February 10, 2015 although he never placed such a call.

65)   Plaintiff EDWARD PARKE believes that such phone call(s) from South Nassau Community Hospital Psychiatric counseling on or about February 10, 2015 was a result of one of his competitors, including but not limited to CHRISTOPHER CHARLES, ALAN JACOBY, JOSEPH PANZARELLA and/or JOHN AND JANE DOE # 1-10 trying to imply he has mental instability and/or in a feeble attempt to have Plaintiff

EDWARD PARKE committed.

66)     Plaintiff EDWARD PARKE received a phone call from Maryann at AllTimerzs Association stating that she was worried for him on or about February 10, 2015.

67)     Such phone call from Maryann at AllTimerzs Association on or about February 10, 2015 was done in an effort to imply that Plaintiff was mentally unstable.

68)     Plaintiff EDWARD PARKE believes that such phone call(s) from Maryann on or about February 10, 2015 was a result of one of his competitors, including but not limited to CHRISTOPHER CHARLES, ALAN JACOBY, JOSEPH PANZARELLA and/or JOHN AND JANE DOE # 1-10 trying to imply he has mental instability and/or in a feeble attempt to have Plaintiff EDWARD PARKE committed in some form or fashion.

69)     The above two events on February 10, 2015 are other examples whereby, upon information and belief, CHRISTOPHER CHARLES, ALAN JACOBY, JOSEPH PANZARELLA and/or JOHN AND JANE DOE # 1-10 were trying to abuse the legal process to interfere with Plaintiff's life and/or Plaintiff EDWARD PARKE's ability to operate in the Fire Industry.

70)     On or about February 11, 2015, Plaintiff EDWARD PARKE did received a package from the Mental Health Association of Nassau County.

71)     Plaintiff EDWARD PARKE believes that such package received on or about February 11, 2015 was a result of one of his competitors, including but not limited to CHRISTOPHER CHARLES, ALAN JACOBY, JOSEPH PANZARELLA and/or JOHN

AND JANE DOE # 1-10 trying to imply he has mental instability and/or in a feeble attempt to have Plaintiff EDWARD PARKE committed.

72)    On or about February 11, 2015, Plaintiff EDWARD PARKE did receive an unsolicited phone call from Empire Chimney for services.

73)    On or about February 11, 2015, Empire Chimney did arrive at Plaintiff's home and the Plaintiff refused services. Upon information and believe, such phone call was a result of competition from the Fire Industry including but not limited to CHRISTOPHER CHARLES, ALAN JACOBY, JOSEPH PANZARELLA and/or JOHN AND JANE DOE # 1-10 trying harass, intimidate and/or remove Plaintiff EDWARD PARKE from business competition.

74)    On or about February 11, 2015, Plaintiff EDWARD PARKE's wife did receive a letter stating, amongst other things, that her husband, Plaintiff EDWARD PARKE, is a cheater and that EDWARD PARKE is engaging in an extra marital affair.

75)    Such letter sent to Plaintiff EDWARD PARKE's wife did cause great anxiety for Plaintiff and Plaintiff's family.

76)    Plaintiff EDWARD PARKE believes that letter was received a result of one of his competitors, including but not limited to CHRISTOPHER CHARLES, ALAN JACOBY, JOSEPH PANZARELLA and/or JOHN AND JANE DOE # 1-10 trying to imply Plaintiff is engaging in an extramarital affair and/or that Plaintiff is cheating on his wife.

77)    Plaintiff EDWARD PARKE believes that letter was received a result of one of his competitors, including but not limited to CHRISTOPHER CHARLES, ALAN JACOBY, JOSEPH PANZARELLA and/or JOHN AND JANE DOE # 1-10 trying to imply

Plaintiff is engaging in an extramarital affair and/or that Plaintiff is cheating on his wife.

78)     On or about February 11, 2015, Plaintiff EDWARD PARKE's wife did receive a letter stating, amongst other things, that her husband, Plaintiff EDWARD PARKE, is a cheater and that EDWARD PARKE is engaging in an extra marital affair.

79)     On or about February 12, 2015, Plaintiff EDWARD PARKE did receive a letter from Nassau County for the Aging.

80)     As with the other letters, the letter from Nassau County for the Aging was designed to harass, intimidate and/or annoy Plaintiff EDWARD PARKE.

81)     Plaintiff EDWARD PARKE believes that the letter from Nassau County for the Aging was received a result of one of his competitors, including but not limited to CHRISTOPHER CHARLES, ALAN JACOBY, JOSEPH PANZARELLA and/or JOHN AND JANE DOE # 1-10 trying to intimidate, harass, annoy and/or threaten Plaintiff EDWARD PARKE.

82)     On or about February 14, 2015, Plaintiff EDWARD PARKE did receive a letter from The Safe Center, Long Island.

83)     As with the other letters, the letter from The Safe Center, Long Island was designed to harass, intimidate and/or annoy Plaintiff EDWARD PARKE.

84)     Plaintiff EDWARD PARKE believes that the letter from The Safe Center, Long Island was received a result of one of his competitors, including but not limited to CHRISTOPHER CHARLES, ALAN JACOBY, JOSEPH PANZARELLA and/or JOHN AND JANE DOE # 1-10 trying to intimidate, harass, annoy and/or threaten Plaintiff EDWARD PARKE.

85)     On or about February 15, 2015 at around 12:00 PM, Plaintiff EDWARD PARKE's residence became surrounded and inundated by various work crews including but not limited to servpro, verity van lines, Limo Service, and Long Island Gutters.

86)     The service crews that arrived at EDWARD PARKE's residence were called in by a male caller but such caller was not Plaintiff EDWARD PARKE and nobody from the PARKE residence requested such services.

87)     Plaintiff EDWARD PARKE believes that these service crews arrived as the result of one of his competitors, including but not limited to CHRISTOPHER CHARLES, ALAN JACOBY, JOSEPH PANZARELLA and/or JOHN AND JANE DOE # 1-10 trying to intimidate, harass, annoy and/or threaten Plaintiff EDWARD PARKE.

88)     Additionally, the PARKE residence received several phone calls on February 15, 2015 that were also made by a male caller who, upon information and belief, was likely CHRISTOPHER CHARLES, ALAN JACOBY, JOSEPH PANZARELLA and/or JOHN AND JANE DOE # 1-10 who did make such call in an attempt to intimidate, harass, annoy and/or threaten Plaintiff EDWARD PARKE.

89)     On or about February 16, 2015 Plaintiff EDWARD PARKE's residence was visited by another service crew, a moving company, that became very agitated when it was apparent that there were no services needed at the PARKE residence.

90)     The service crew/moving company that arrived at EDWARD PARKE's residence was unwanted and nobody from the PARKE residence requested such services.

91)     Plaintiff EDWARD PARKE believes that these service crews arrived as the

result of one of his competitors, including but not limited to CHRISTOPHER CHARLES, ALAN JACOBY, JOSEPH PANZARELLA and/or JOHN AND JANE DOE # 1-10 trying to intimidate, harass, annoy and/or threaten Plaintiff EDWARD PARKE.

92)    On or about February 23, 2015 Plaintiff EDWARD PARKE received a phone call from Tony, a representative from Jarro construction stating that he receive a phone call from the Plaintiff on February 16, 2015, the same date that the service/moving crew arrived at the PARKE residence.

93)    No one from the PARKE residence requested such services from Jarro construction and it caused confusion, embarrassment and emotional distress to EDWARD PARKE whom, at this point, was being barraged by random acts of harassment.

94)    Plaintiff EDWARD PARKE believes that this service call was made by one of his competitors, including but not limited to CHRISTOPHER CHARLES, ALAN JACOBY, JOSEPH PANZARELLA and/or JOHN AND JANE DOE # 1-10 trying to intimidate, harass, annoy and/or threaten Plaintiff EDWARD PARKE.

95)    On or about September 3, 2015 Plaintiff EDWARD PARKE received random text messages from ALAN JACOBY in an attempt to make a false accusation/paper trial to later utilize against Plaintiff EDWARD PARKE either in a civil or criminal accusation.

96)    Such communication was unsolicited and done in an attempt by ALAN JACOBY to subject Plaintiff to further harassment, abuse of process, detainment, arrest, harm and/or further agitation.

18

97)    This communication was, upon information and belief, made in concert with CHRISTOPHER CHARLES, ALAN JACOBY, JOSEPH PANZARELLA and/or JOHN AND JANE DOE # 1-10 trying to intimidate, harass, annoy and/or threaten Plaintiff EDWARD PARKE.

98)    This and other communications that were made by, upon information and belief, CHRISTOPHER CHARLES, ALAN JACOBY, JOSEPH PANZARELLA and/or JOHN AND JANE DOE # 1-10 were presented to NASSAU COUNTY, the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE and/or the NASSAU COUNTY POLICE DEPARTMENT yet the aforementioned failed to intervene, stop or punish the perpetrator of such communications.

99)    On or about September 30, 2015 Plaintiff EDWARD PARKE was told by several people that pictures of his wife were distributed to several people via text message.

100)    Such communication was unsolicited and, upon information and belief, done in an attempt by one or more Defendants to subject Plaintiff to further harassment, harm and/or further agitation.

101)    This communication was, upon information and belief, made by CHRISTOPHER CHARLES, ALAN JACOBY, JOSEPH PANZARELLA and/or JOHN AND JANE DOE # 1-10 in an attempt to intimidate, harass, annoy and/or threaten Plaintiff EDWARD PARKE.

102)    This and other communications that were made by, upon information and belief, CHRISTOPHER CHARLES, ALAN JACOBY, JOSEPH PANZARELLA and/or

19

JOHN AND JANE DOE # 1-10 were presented to NASSAU COUNTY, the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE and/or the NASSAU COUNTY POLICE DEPARTMENT yet the aforementioned Defendants failed to intervene, stop or punish the perpetrator of such communications.

103)   On or about October 1, 2015 at around 2 AM Plaintiff EDWARD PARKE's wife received three (3) phone calls from an unknown male phone caller that stated that she was the subject of a cheating husband.

104)   On or about October 1, 2015 at around 2 AM Plaintiff EDWARD PARKE/EDWARD PARKE's wife did recognize the voice of the caller as CHRISTOPHER CHARLES and CHRISTOPHER CHARLES was called by Plaintiff EDWARD PARKE.

105)   Plaintiff called CHRISTOPHER CHARLES who then denied making any such phone call.

106)   Such communication was unsolicited and, upon information and belief, done in an attempt by one or more Defendants to subject Plaintiff to further harassment, harm and/or further agitation.

107)   This communication was, upon information and belief, made by CHRISTOPHER CHARLES in an attempt to intimidate, harass, annoy and/or threaten Plaintiff EDWARD PARKE.

108)   This and other communications that were made by, upon information and belief, CHRISTOPHER CHARLES were presented to NASSAU COUNTY, the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE and/or the NASSAU COUNTY POLICE

DEPARTMENT yet the aforementioned Defendants failed to intervene, stop or punish the perpetrator of such communications.

109)   On or about October 6, 2015, 10:30 - 11:00 AM, at 351 Hempstead Turnpike, Elmont NY, an emergency phone call (911) was placed against EDWARD PARKE.

110)   Plaintiff was told by NASSAU COUNTY, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, and NASSAU COUNTY POLICE DEPARTMENT that a phone call was made stating that Plaintiff was in possession of a firearm.

111)   Such phone call was made, upon information and belief, in an attempt by one or more Defendants to subject Plaintiff to further harassment, harm and/or further agitation.

112)   This and other communications that were made by, upon information and belief, Defendant(s) were presented to NASSAU COUNTY, the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE and/or the NASSAU COUNTY POLICE DEPARTMENT yet the aforementioned Defendants failed to intervene, stop or punish the perpetrator of such communications.

113)   Further, the October 6, 2015 communication was subpoenaed yet no such phone call was produced by NASSAU COUNTY, the NASSAU COUNTY POLICE DEPARTMENT and/or the NASSAU COUNTY DISTRICT ATTORNEY'S Office.

114)   As a result of the October 6, 2015 phone call and other harassing phone calls (including but not limited to the above incidents), Plaintiff EDWARD PARKE was

21

required to change his home telephone number.

115)   On or about October 21, 2015, Plaintiff's brother Warren Parke Jr. received a phone call from a blocked number stating that "Your brother is going to get it when he least expects it," referring to EDWARD PARKE.

116)   Such phone call was reported to NASSAU COUNTY, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, and NASSAU COUNTY POLICE DEPARTMENT.

117)   Such phone call was made, upon information and belief, in an attempt by one or more Defendants to subject Plaintiff to further harassment, harm and/or further agitation.

118)   This and other communications that were made by, upon information and belief, Defendants were presented to NASSAU COUNTY, the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE and/or the NASSAU COUNTY POLICE DEPARTMENT yet the aforementioned Defendants failed to intervene, stop or punish the perpetrator of such communications.

119)   On or about November 9, 2015, EDWARD PARKE received text messages regarding what appeared to be the results of a background investigation.

120)   The November 9, 2015 text messages received by EDWARD PARKE depicted a social security number, photograph and the word "inmate" depicted on in the message.

121)   Such text message was reported to NASSAU COUNTY, NASSAU

COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, and NASSAU COUNTY POLICE DEPARTMENT.

122)   Such text message was made, upon information and belief, in an attempt by one or more Defendants to subject Plaintiff to further harassment, harm and/or further agitation.

123)   This and other communications that were made by, upon information and belief, Defendants were presented to NASSAU COUNTY, the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE and/or the NASSAU COUNTY POLICE DEPARTMENT yet the aforementioned Defendants failed to intervene, investigate, negligently investigated and/or tampered with the investigation of a crime and failed to stop or punish the perpetrator of such communications.

124)   On or about November 10, 2015, EDWARD PARKE received a text message with a photograph of himself, his social security number and the word convict.

125)   Such text message was reported to NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, and NASSAU COUNTY POLICE DEPARTMENT.

126)   Such text message was made, upon information and belief, in an attempt by one or more Defendants to subject Plaintiff to further harassment, harm and/or further agitation.

127)   This and other communications that were made by, upon information and belief, Defendants were presented to NASSAU COUNTY, the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE and/or the NASSAU COUNTY POLICE

DEPARTMENT yet the aforementioned Defendants failed to intervene, stop or punish the perpetrator of such communications.

128)   Indeed, clothed as the victim, ALAN JACOBY has utilized NASSAU COUNTY, the NASSAU COUNTY POLICE DEPARTMENT and the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE as a cat's paw whom, either knowingly or unwittingly, have acquiesced in ALAN JACOBY's motives and designs to harm Plaintiff.

129)   Further, upon information and belief, ALAN JACOBY has utilized connections and/or improper relationships with either NASSAU COUNTY, the NASSAU COUNTY POLICE DEPARTMENT and/or the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE that have worked with and conspired with ALAN JACOBY's motives and designs to harm Plaintiff.

130)   Additionally, utilizing his (false) role as the victim, ALAN JACOBY has utilized NASSAU COUNTY, the NASSAU COUNTY POLICE DEPARTMENT and the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE to obtain an Order of Protection against the Plaintiff, ordering Plaintiff to stay away.

131)   Further, ALAN JACOBY did make false complaints to the NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY and NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE against Plaintiff EDWARD PARKE including but not limited to false allegations of gun possession, making threats with a gun, menacing and violating an order of protection.

132)   In so utilizing his (false) role as the victim, ALAN JACOBY, using NASSAU

COUNTY, the NASSAU COUNTY POLICE DEPARTMENT and the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, has obtained an Order of Protection against the Plaintiff so that Plaintiff could not appear at current and prospective business opportunities.

133)   Such utilization of criminal process by ALAN JACOBY, who in turned used NASSAU COUNTY, the NASSAU COUNTY POLICE DEPARTMENT and the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, was done and had the design to harm EDWARD PARKE, EDWARD PARKE's business opportunities, his standing in the community, his good name and reputation.

134)   Plaintiff, EDWARD PARKE was again falsely arrested, the subject of false, misleading and inappropriate allegations, detained and criminal process issued against him on or about December 15, 2015.

135)   Plaintiff, EDWARD PARKE, on or about December 15, 2015, was the subject of false allegations by ALAN JACOBY that, again, resulted in Plaintiff's arrest.

136)   Plaintiff, EDWARD PARKE was alleged to have taken pictures and threatened the victim at the scene of a fire.

137)   Plaintiff, EDWARD PARKE, on or about December 15, 2015, was lawfully present at 236 Prospect Street Farmingdale, New York.

138)   Plaintiff, EDWARD PARKE, on or about December 15, 2015, was working in the Fire Industry as part of his visit at 236 Prospect Street Farmingdale, New York and did not know that ALAN JACOBY would be present at the fire scene.

139)   By design and construction, ALAN JACOBY did utilize the order of

protection against Plaintiff EDWARD PARKE as a sword by making additional false allegation and subjecting Plaintiff to arrest.

140)    ALAN JACOBY did obtain the Order of Protection against Plaintiff under false pretenses and, *inter alia*, to use said Order against the Plaintiff to have him arrested for illegal and improper means, including but not limited to eliminate competition in the Fire Industry.

141)    ALAN JACOBY did obtain the Order of Protection against Plaintiff and with the authority of such individuals, including but not limited to NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, in his individual and official capacity NASSAU COUNTY SGT PATRICK C ONEILL, in his individual and official capacity,  NASSAU COUNTY DETECIVE JOSEPH RUBINO, in his individual and official capacity, and/or NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1- 10.

142)    Such Order of Protection was obtained with the purpose of further intimidating the Plaintiff, subjecting the Plaintiff to arrest with the acquiescence and/or consent of COUNTY DEFENDANTS.

143)    Upon information and belief, ALAN JACOBY was allowed to improperly influence NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT and/or the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, NASSAU COUNTY DISTRICT ATTORNEY's OFFICE JOHN AND JANE DOES # 1-10 and NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOES # 1-10 by limiting and/or interfering with a fair investigation of Plaintiff (which would have not subjected to Plaintiff to arrest) .

144)   Upon information and belief, Defendant OCONNELL, Defendant RUBINO and Defendant NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE #1-10 were informed by Plaintiff, EDWARD PARKE, that Plaintiff engaged in no wrongdoing yet NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, in his individual and official capacity NASSAU COUNTY SGT PATRICK C ONEILL, in his individual and official capacity,  and NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE #1-10 did continue to detain, process, falsely arrest, place in apprehension and intimidate Plaintiff. At no time did Defendants (individually and collectively) intervene, stop the false arrest and/or continued detention of Plaintiff.

145)   Upon information and belief, Defendants (individually and collectively) knew or had reason to know that Plaintiff engaged in no illegality and or wrongdoing.

146)   Upon information and belief, Defendants (individually and collectively) were inappropriately influenced by ALAN JACOBY and/or ANTHONY LIPARI insofar as Plaintiff engaged in no illegality and or wrongdoing but was still subject to false arrest, malicious prosecution and due process violations insofar as the Defendants (collectively) were influenced in their investigation, issuance of process, continuation of prosecution, seizure and continued exertion of influence and control over Plaintiff by such means as an order of protection, issuance of process, bail conditions, etc.

## PLAINTIFF'S UNLAWFUL ARREST, ABUSE OF PROCESS AND MALICIOUS PROSECUTION

147)   Plaintiff was lawfully present at the above locations on both dates of arrest to which he was not committing any wrongdoing or illegality.

148)   To be clear, Plaintiff was not observed operating a vehicle which was

27

known by Defendants collectively yet false allegations were made against Plaintiff.

149)  At the time, the Plaintiff was working within the Fire Industry to which the purpose of this campaign of harassment, indifference and, upon information and belief, tainted, inappropriate, illegal and/or manufactured investigations were employed against Plaintiff to silence, incapacitate and remove Plaintiff from the Fire Industry.

150)  Plaintiff was approached by NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL on or about October 9, 2016 who began to inquire of the Plaintiff.

151)  Plaintiff was seized by NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL and Plaintiff was not able to leave the presence of Defendant OCONNELL. Plaintiff did answer questions truthfully.

152)  Without probable cause or reasonable suspicion of wrongdoing, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL did place Plaintiff under arrest.

153)  Above Plaintiff's protests of innocence and above Plaintiff's requests regarding what he was being arrested for, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL did disregard Plaintiff's requests to continue to detain Plaintiff.

154)  Upon information and belief, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL did know or have reason to know that Plaintiff was not engaged in wrongdoing and that Plaintiff was the competitor of ALAN JACOBY.

155)  Without probable cause or reasonable suspicion of wrongdoing, upon information and belief, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL did place Plaintiff under arrest in part because of ALAN JACOBY's business competition

with Plaintiff.

156)   Albeit NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL did place Plaintiff under arrest, OCONNELL knew and had reason to know that Plaintiff was not engaged in wrongdoing and that ALAN JACOBY had an ulterior motive in approaching NASSAU COUNTY, the NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DETECTIVE MATTHEW J. OCONNELL  and NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10.

157)   Albeit NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL knew and had reason to know that Plaintiff was not engaged in wrongdoing, DETECTIVE OCONNELL did rely on ALAN JACOBY's statements to arrest Plaintiff.

158)   Albeit NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL knew and had reason to know that Plaintiff was not engaged in wrongdoing, DETECTIVE OCONNELL did incorrectly credit ALAN JACOBY's allegations of Plaintiff's criminality in investigating a purported crime of harassment.

159)   NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL knew and had reason to know that Plaintiff was not engaged in wrongdoing as per his own independent investigation yet DETECTIVE OCONNELL did arrest Plaintiff based on, upon information and belief, a policy to automatically arrest suspects that are alleged to have engage in harassment (whether pursuant to the New York Penal Law, Common Law and/or the officer's own understanding).

160)   Albeit NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL knew and had reason to know that Plaintiff was not engaged in wrongdoing, DETECTIVE

OCONNELL was forced to arrest Plaintiff based on, upon information and belief, a policy to automatically arrest suspects that are alleged to have engage in harassment (whether pursuant to the New York Penal Law, Common Law and/or the officer's own understanding).

161) ALAN JACOBY knew that NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL knew and had reason to know that Plaintiff was not engaged in wrongdoing, yet, based upon ALAN JACOBY's allegations of Plaintiff's purported criminal activity, DETECTIVE OCONNELL was forced to arrest Plaintiff based on, upon information and belief, a policy to automatically arrest suspects that are alleged to have engage in harassment (whether pursuant to the New York Penal Law, Common Law and/or the officer's own understanding).

162) ALAN JACOBY, and other Defendants, knew and had reason to know that his false claims of criminal conduct lodged against Plaintiff would entitle NASSAU COUNTY, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL and/or NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10 the ability to arrest Plaintiff.

163) As a result of his arrest and restraint, Plaintiff EDWARD PARKE has suffered financially, emotionally and was forced to undergo various medical treatment for ailments resulting from Defendants collective actions.

164) Many witnesses have contradicted the sworn statements made by ALAN JACOBY. Further, these witness statements were presented to the NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY and the NASSAU COUNTY DISTRICT

ATTORNEY'S OFFICE.

165)  Plaintiff was approached by NASSAU COUNTY DETECIVE JOSEPH RUBINO  on or about December 15, 2016 who began to inquire of the Plaintiff.

166)  Plaintiff was seized by NASSAU COUNTY DETECIVE JOSEPH RUBINO and Plaintiff was not able to leave the presence of Defendant RUBINO. Plaintiff did answer questions truthfully.

167)  Without probable cause or reasonable suspicion of wrongdoing, NASSAU COUNTY DETECIVE JOSEPH RUBINO  did place Plaintiff under arrest.

168)  Above Plaintiff's protests of innocence and above Plaintiff's requests regarding what he was being arrested for, NASSAU COUNTY DETECIVE JOSEPH RUBINO  did disregard Plaintiff's requests to continue to detain Plaintiff.

169)  Upon information and belief, NASSAU COUNTY DETECIVE JOSEPH RUBINO  did know or have reason to know that Plaintiff was not engaged in wrongdoing and that Plaintiff was the competitor of ALAN JACOBY.

170)  Without probable cause or reasonable suspicion of wrongdoing, upon information and belief, NASSAU COUNTY DETECIVE JOSEPH RUBINO  did place Plaintiff under arrest in part because of ALAN JACOBY's business competition with Plaintiff.

171)  Albeit NASSAU COUNTY DETECIVE JOSEPH RUBINO  did place Plaintiff under arrest, RUBINO knew and had reason to know that Plaintiff was not engaged in wrongdoing and that ALAN JACOBY had an ulterior motive in approaching NASSAU COUNTY, the NASSAU COUNTY POLICE DEPARTMENT, NASSAU

31

COUNTY DETECIVE JOSEPH RUBINO  and NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10.

172)   Albeit NASSAU COUNTY DETECIVE JOSEPH RUBINO  knew and had reason to know that Plaintiff was not engaged in wrongdoing, DETECTIVE RUBINO did inappropriately rely on ALAN JACOBY's statements to arrest Plaintiff.

173)   Albeit NASSAU COUNTY DETECIVE JOSEPH RUBINO  knew and had reason to know that Plaintiff was not engaged in wrongdoing, DETECTIVE RUBINO did incorrectly credit ALAN JACOBY's allegations of Plaintiff's criminality in investigating a purported crime of violating an order of protection, criminal contempt.

174)   NASSAU COUNTY DETECIVE JOSEPH RUBINO  knew and had reason to know that Plaintiff was not engaged in wrongdoing as per his own independent investigation yet DETECTIVE RUBINO did arrest Plaintiff based on, upon information and belief, a policy to automatically arrest suspects that are alleged to have engage in criminal contempt (whether pursuant to the New York Penal Law, Common Law and/or the officer's own understanding).

175)   Albeit NASSAU COUNTY DETECIVE JOSEPH RUBINO  knew and had reason to know that Plaintiff was not engaged in wrongdoing, DETECTIVE RUBINO was forced to arrest Plaintiff based on, upon information and belief, a policy to automatically arrest suspects that are alleged to have engage in criminal contempt (whether pursuant to the New York Penal Law, Common Law and/or the officer's own understanding).

176)   ALAN  JACOBY  knew  that  NASSAU  COUNTY  DETECIVE  JOSEPH

32

RUBINO  knew and had reason to know that Plaintiff was not engaged in wrongdoing, yet, based upon ALAN JACOBY's allegations of Plaintiff's purported criminal activity, DETECTIVE RUBINO was forced to arrest Plaintiff based on, upon information and belief, a policy to automatically arrest suspects that are alleged to have engage in criminal contempt (whether pursuant to the New York Penal Law, Common Law and/or the officer's own understanding).

177)   ALAN JACOBY, and other Defendants, knew and had reason to know that his false claims of criminal conduct lodged against Plaintiff would entitle NASSAU COUNTY, NASSAU COUNTY DETECIVE JOSEPH RUBINO  and/or NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10 the ability to arrest Plaintiff.

178)   As a result of his arrest and restraint, Plaintiff EDWARD PARKE has suffered financially, emotionally and was forced to undergo various medical treatment for ailments resulting from Defendants collective actions.

179)   Many witnesses have contradicted the sworn statements made by ALAN JACOBY. Further, these witness statements were presented to the NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY and the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE.

180)   On or about October 19, 2015, Joseph Miranda provided a letter that controverted the statements of Alan Jacoby.

181)   Joseph Miranda's letter did state that he was present at 132 Bishop Lane, Holbrook NY, the fire scene (hereinafter referred to as the "subject premises") to which

he states that "at no time did Eddie Parke have any contact with Alan Jacoby. Eddie did not speak to Alan nor did he threaten Alan."

182) The aforementioned letter by Joseph Miranda was offered to NASSAU COUNTY, the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE.

183) Although the NASSAU COUNTY DISTRICT ATTORNEY's office knew and had reason to know that there was no probable cause or that said probable cause regarding EDWARD PARKE being culpable of criminal conduct had never existed, dissipated, or disappeared, the criminal charges were not dropped against EDWARD PARKE.

184) Further, although the NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY, knew and had reason to know that there was no probable cause or that said probable cause regarding EDWARD PARKE being culpable of criminal conduct had never existed, dissipated, or disappeared, the criminal charges were not dropped against EDWARD PARKE.

185) Upon information and belief, LIPARI and JACOBY have attempted to or actually exerted inappropriate influence over NASSAU COUNTY and/or the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE in having Defendants fail to investigate, inappropriately investigate or operate to serve JACOBY and LIPARI's own ends - to remove Plaintiff from engaging a Fire Industry business.

186) Indeed, EDWARD PARKE continued to be prosecuted by the NASSAU COUNTY DISTRICT ATTORNEY's Office to wit he suffered additional court appearances, expenses, loss of productivity and, ultimately, will suffer through a trial

should these charges not be dismissed against the Plaintiff.

187) EDWARD PARKE was prosecuted even though Anthony Giuliano (also known as Louie) did write a letter on behalf of Edward Parke as a witness/alibi witness.

188) Anthony Giuliano did provide said letter to NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE and/or NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10.

189) Anthony Giuliano's letter did state that he was present at 132 Bishop Lane, Holbrook NY, the subject premises and that "Edward Parke did not approach speak to or make any gestures to Alan Jacoby during this time. Edward Parke did not make any contact with Alan Jacoby in any way at this fire scene as Alan has falsely stated in his police report."

190) Although the NASSAU COUNTY DISTRICT ATTORNEY's office knew and had reason to know that there was no probable cause or that said probable cause regarding EDWARD PARKE being culpable of criminal conduct had never existed, dissipated, or disappeared, the criminal charges were not dropped against EDWARD PARKE.

191) Further Defendants NASSAU COUNTY, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, NASSAU COUNTY DETECTIVE JOSEPH RUBINO, SGT PATRICK C ONEILL and/or NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10 NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE #1-10

knew or had reason to know that Plaintiff was guilty of no wrongdoing, no probable cause existed for his arrest and continued restraint.

192)   In continuing to detain and failing to intervene, Defendant NASSAU COUNTY, NASSAU COUNTY DISTRICT ATTORNEY's OFFICE, NASSAU COUNTY POLICE DEPARTMENT, individually and collectively, condoned, encouraged and/or accepted the aforementioned deprivation of Plaintiff's liberty, Plaintiff's false arrest and the aforementioned violations of Plaintiff's civil rights. As a result, the Plaintiff suffered prolonged physical discomfort and emotional distress to his mind and body.

193)   Further, Defendants NASSAU COUNTY, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, JOSEPH RUBINO and/or NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, NASSAU COUNTY DISTRICT ATTORNEY's OFFICE Defendant NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1 – 10 knew or had reason to know that Plaintiff engaged in no wrongdoing and was falsely detained and arrested by Defendants NASSAU COUNTY, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, JOSEPH RUBINO, SGT PATRICK C ONEILL and/or NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10. At no time did Defendants NASSAU COUNTY, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL and/or NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10 intervene.

194)   As a result of the false arrest and malicious prosecution, Plaintiff was forced to return to the Nassau County District on several occasions where he continued to protest his innocence. Plaintiff was forced to miss work, was stigmatized and suffered

loss of reputation and good name because of Defendants NASSAU COUNTY, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, SGT PATRICK C ONEILL, NASSAU COUNTY DETECTIVE JOSEPH RUBINO and/or NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10 actions.

195)   Defendants NASSAU COUNTY, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, JOSEPH RUBINO and/or NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, NASSAU COUNTY DISTRICT ATTORNEY's OFFICE and/or Defendant NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1 – 10 knew or had reason to know that the false arrest, initiation of false criminal charges, abuse of process and subsequent malicious prosecution would cause Plaintiff great physical and emotional discomfort.

196)   As a result of the aforementioned false arrest and malicious prosecution, Plaintiff did suffer loss of reputation and standing in the community.

197)   Plaintiff, EDWARD PARKE, continues to suffer emotional distress with physical manifestations of pain, stabbing pains in nature, shortness of breath and other physical ailments as a result of the prolonged detention, false arrest, malicious prosecution, manipulation and arrest of Plaintiff by Defendants NASSAU COUNTY, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, NASSAU COUNTY DISTRICT ATTORNEY'S JOHN AND JANE DOE # 1-10, NASSAU COUNTY, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, JOSEPH RUBINO and/or NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, NASSAU COUNTY DISTRICT ATTORNEY's OFFICE Defendant NASSAU COUNTY POLICE OFFICERS JOHN AND

JANE DOE # 1 – 10.


198)   Plaintiff, EDWARD PARKE, continues to suffer emotionally and physically, often coping with sleeplessness and night terrors, which affects his ability to function as he did before the incident.

### AS AND FOR A FIRST COUNT
### 42 U.S.C. § 1983 - MUNICIPAL LIABILITY

199)   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 198 of this *Complaint* with the same force and effect as though fully set forth herein.

200)   Prior to Plaintiff's arrest and since, Defendants NASSAU COUNTY and NASSAU COUNTY POLICE DEPARTMENT have permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal uses of force, abuse of authority, arrests, prosecutions and summary punishment by Police Officers of the NASSAU COUNTY, New York.

 201) Prior to Plaintiff's arrest and since, upon information and belief, Defendants NASSAU COUNTY and NASSAU COUNTY POLICE DEPARTMENT have continued to prosecute, arrest, and detain those accused of harassment irrespective of the subject's innocence or guilt pursuant to a policy, practice and/or custom.

202)   Prior to Plaintiff's arrest and since, upon information and belief, Defendants NASSAU COUNTY and NASSAU COUNTY POLICE DEPARTMENT have continued to prosecute, arrest, and detain those accused of criminal contempt irrespective of the subject's innocence or guilt pursuant to a policy, practice and/or

custom.

203)   Although such false detainments, arrests, abuse of authority, illegal use of force, summary punishment, and summarily arrest without investigation was improper, the NASSAU COUNTY POLICE OFFICERS involved were not seriously prosecuted, disciplined, or subjected to restraint, and such incidents were in fact covered up with official claims that the inappropriate use of force, prosecution, and uses of detention and false arrest was justified and proper. As a result, NASSAU COUNTY police officers within their jurisdiction were caused and encouraged to believe that civilian persons could be beaten or abused under circumstances not requiring the use of detention, arrest and/or illegal restraint, and that such abuse and false detainments and summary punishment would in fact be permitted by the NASSAU COUNTY POLICE DEPARTMENT.

204)   In addition to permitting a pattern and practice of improper arrests, prosecutions and abuses in NASSAU COUNTY and NASSAU COUNTY POLICE DEPARTMENT, have failed to maintain a proper system of investigation of all incidents of unjustified arrests, abuses of authority, improper use of criminal process, and excessive and inappropriate use of force/restraint by police officers.

205)   NASSAU COUNTY failed to respond to the continuing and urgent need to prevent, restrain, and discipline police officers who wrongfully, arrest, detain, abuse authority, use excessive force, and abuse civilians, and NASSAU COUNTY has failed to find that civilian complaints made against police officers are founded or valid in anyway,

therefore NASSAU COUNTY is liable under 42 U.S.C. § 1983 because NASSAU COUNTY has had actual and/or constructive knowledge of the patterns of abuse, arrest and malicious prosecution by its police officers, employees, and/or agents in violation of the United State Constitution, and because of NASSAU COUNTY and NASSAU COUNTY POLICE DEPARTMENT un-meaningful policy and custom for reviewing complaints of misconduct, the Defendant Officers relied upon that flawed policy to continue their patterns of their abusive authority, physical abuse, excessive force, and false arrests, all in violation of the Plaintiff's rights.

206) NASSAU COUNTY and the NASSAU COUNTY POLICE DEPARTMENT have maintained a system of review of unjustified seizures, arrests, detention and unnecessary use of force by police officers that has failed to identify the improper abuses of authority and failed to subject officers who abused, arrested and/or detained citizens to discipline, closer supervision, or restraint, to the extent that it has become the custom of NASSAU COUNTY to tolerate the improper abuses of authority, detention(s), illegal arrests and other wrongful actions by police officers.

207) Further, NASSAU COUNTY and the NASSAU COUNTY POLICE DEPARTMENT, who maintain either supervisory and/or decision-making positions, permitted a practice of improper investigation, supervision, discipline and retention of Defendant Officers.  NASSAU COUNTY and the NASSAU COUNTY POLICE DEPARTMENT also refused and failed to prosecute the Defendant Officers thereby improperly and in violation of the Plaintiff's rights neglected, failed, and/or delayed in administering an investigation of the circumstances surrounding the instant matter and

neglected, failed, and/or delayed in presenting the matter to the District Attorney of the County of Nassau for presentation to the Grand Jury.

208)   Upon information and belief, specific systemic flaws in NASSAU COUNTY complaint and/or illegal detention/arrest review process include, but are not limited to, the following:

a.   Preparing reports regarding investigations of arrests, detentions and abuse incidents as routine point-by-point justifications of police officer actions, regardless of whether such actions are justified;

b.   Police officers investigating beatings systemically fail to credit testimony by non-police officer witnesses, and uncritically rely on reports by police officers involved in the incident;

c.   Police officers investigating domestic/allegations of violence complaints fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved;

d.   Supervisory police officers at times issue public statements exonerating police officers for excessive use of detention, detention, illegal arrest and use of unnecessary and excessive detention and/or force before the investigation of the incident by the police department has been completed;

e.      Reports in brutality/illegal arrests and/or detention cases are not reviewed for accuracy by supervisory officers.  Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information;

f.      Police officers investigating harassment complaints fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved; and

g.      Preparing false/misleading investigative reports regarding arrests, detentions and abuse incidents as routine point-by-point justifications of police officer policies and customs regardless of whether such actions are justified and, further, presenting the same false/misleading investigative reports to the Nassau County District Attorney's office

209) The foregoing acts, omissions, systemic flaws, policies and customs of the Defendants NASSAU COUNTY and NASSAU COUNTY POLICE DEPARTMENT caused the Defendant Officers to believe that force, detention, illegal arrests, the filing of false criminal process and other improper actions would not be aggressively, honestly and properly investigated, with the foreseeable result that officers are most likely to use illegal detentions, false arrests and/or seizures in situations where such force or such detention is neither necessary nor reasonable.

210) As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of the Defendants.

211) That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A THIRD COUNT
## 42 U.S.C. § 1983 - ALTERNATE LIABILITY

212) Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 211 of this *Complaint* with the same force and effect as though

fully set forth herein.

213)  Defendants  NASSAU  COUNTY,  NASSAU  COUNTY  DISTRICT ATTORNEY'S  OFFICE  and  the  NASSAU  COUNTY  POLICE  DEPARTMENT  lacked justifiable  reason  and  rational  basis,  and  thereby  engaged  in  wrongful  actions, intentional,  negligent,  and  reckless  behavior,  and  violations  of  state  and  federal  laws, causing  deprivation  of  Plaintiff's  rights,  privileges,  and/or  immunities  secured  by  the Constitution  and  laws.  Plaintiff  was  made  to  suffer  physical  injuries,  great  pain,  loss  of esteem  and  suffering,  and  who  was  subjected  to  great  fear  and  terror  and  personal humiliation  and  degradation,  and  continued  to  suffer  physical  pain  and  mental  and emotional distress as a result of the Defendant Officers' unlawful conduct.

214)   Plaintiff acknowledges that *Respondeat Superior* is not now a basis for NASSAU  COUNTY,  NASSAU  COUNTY  DISTRICT  ATTORNEY's  OFFICE  and NASSAU COUNTY POLICE DEPARTMENT liability under existing law. Plaintiff submits that  there  exists  a  good  faith  argument  for  the  modification  of  that  rule  based  on  the dissenting opinion of Justice Breyer in Board of City  Commissioners of Bryan County , Oklahoma v. Jill Brown, 520 U.S. 597 (1997), and based upon the literature addressing the issue.

215)   As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of her freedom, was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror, personal humiliation, degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid

unlawful conduct of the Defendants.

216)   That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

### AS AND FOR A THIRD and FOURTH COUNT
42 U.S.C. § 1983 - FALSE ARREST

217)   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 216 of this *Complaint* with the same force and effect as though fully set forth herein.

218)   The accusations of wrongful actions leveled against Plaintiff, EDWARD PARKE, were false.

219)   The and false arrest of EDWARD PARKE in December 2015 without probable cause, and other wrongful acts conducted against Plaintiff by Defendants ALAN JACOBY, LIPARI, ANTHONY LIPARI AND ASSOCIATES, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, JOSEPH RUBINO, NASSAU COUNTY SGT PATRICK C ONEILL, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, and/or JOHN AND JANE DOE # 1 – 10 constituted a violation of Plaintiffs' rights, secured by the Fourth Amendment to the United States Constitution, to be free from unreasonable searches and seizures. Such actions were negligent, reckless, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiff to

vicious beatings, false arrest and summary punishment and execution, but failed to prevent same and breached their duty.

220)  The and false arrest of EDWARD PARKE in October 2015 without probable cause, and other wrongful acts conducted against Plaintiff by Defendants ALAN JACOBY, LIPARI, ANTHONY LIPARI AND ASSOCIATES, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, JOSEPH RUBINO, NASSAU COUNTY SGT PATRICK C ONEILL, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, and/or JOHN AND JANE DOE # 1 – 10 constituted a violation of Plaintiffs' rights, secured by the Fourth Amendment to the United States Constitution, to be free from unreasonable searches and seizures. Such actions were negligent, reckless, unreasonable and unauthorized, as Defendants had a duty to not subject Plaintiff to vicious beatings, false arrest and summary punishment and execution, but failed to prevent same and breached their duty.

221)  As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was made to suffer physical injuries, great pain and suffering, and was subjected to great fear and terror and personal humiliation and degradation, and continued to suffer physical pain and mental and emotional distress as a result of the aforesaid unlawful conduct of Defendant Officers.

222)  That by reason of the foregoing, Plaintiff suffers and continue to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00)

46

DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A FIFTH COUNT
### 42 U.S.C. §§ 1983 and 1985 - ABUSE OF PROCESS

223) Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 222 of this *Complaint* with the same force and effect as though fully set forth herein.

224) The Defendants, ALAN JACOBY, LIPARI, ANTHONY LIPARI AND ASSOCIATES, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, JOSEPH RUBINO, NASSAU COUNTY SGT PATRICK C ONEILL, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, and/or JOHN AND JANE DOE # 1 – 10 acting under color of state law, both collectively and individually, have engaged in actions and abuses which have deprived Plaintiff of rights, privileges and immunities secured by the United States Constitution, including, but not limited to, rights secured by the Fourth, Fifth, Fourteenth Amendments  and other laws  in violation of 42 U.S.C. § 1983, constituting a conspiracy which operated either in design or effect to deprive Plaintiff of his freedom.

225) Abuse of process is evidenced by Defendants' refusal, delay, or intentional, deliberate and/or negligent prolonged detention and investigation (or lack of therein) of the incident surrounding the arrest, subsequent forcible restraint, detainment, initiation of criminal process and subsequent prosecution of EDWARD PARKE.

226) The Defendants ALAN JACOBY, LIPARI, ANTHONY LIPARI AND ASSOCIATES, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, JOSEPH RUBINO,

NASSAU COUNTY SGT PATRICK C ONEILL, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, and/or JOHN AND JANE DOE # 1 – 10 had a duty to conduct a prompt, full and fair investigation of the incident surrounding the false arrest, detention and prosecution against Plaintiff yet the Defendants failed to properly review and conduct an investigation of Defendant Officers, agents, and/or employees of NASSAU COUNTY and/or the NASSAU COUNTY POLICE DEPARTMENT in a timely manner for their unjust and unlawful actions.

227)  A lawful criminal process was perverted by Defendants ALAN JACOBY, LIPARI, ANTHONY LIPARI AND ASSOCIATES, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, JOSEPH RUBINO, NASSAU COUNTY SGT PATRICK C ONEILL, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1-10, and/or JOHN AND JANE DOE # 1 – 10 in failing to investigate this matter and failing to present this matter to the Civilian Complaint Review Board and/or the Grand Jury for indictment.

228)  Such actions evidence were done in a manner evidencing malice, gross recklessness, intentional and/or indifference without excuse or justification in violation of 42 U.S.C. § 1983.

229)  As a direct and proximate result Plaintiff suffered emotional damage and/or distress, including but not limited to prolonged stress and anxiety, fear, humiliation, and frustration.

230)  That by reason of the foregoing, Plaintiffs suffer and continue to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00)

DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A SIXTH AND SEVENTH COUNT
State and Federal Law - Malicious Prosecution

231)   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 230 of this *Complaint* with the same force and effect as though fully set forth herein.

232)   The Collective Defendants, Defendants ALAN JACOBY, LIPARI, ANTHONY LIPARI AND ASSOCIATES, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, in his individual and official capacity NASSAU COUNTY SGT PATRICK C ONEILL, in his individual and official capacity, NASSAU COUNTY DETECTIVE JOSEPH RUBINO, in his individual and official capacity, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1- 10, in their individual and official capacities, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE JOHN AND JANE DOE # 1-10 in their individual and official capacities, JOHN AND JANE DOE # 1- 10 (hereinafter "Collective Defendants") lacked reasonable suspicion to stop and detain Plaintiff and further lacked any probable cause to arrest Plaintiff; retain Plaintiff; and/or cause Plaintiff to be detained and prosecuted.

233) The Collective Defendants lacked arguable probable cause to arrest Plaintiff; retain Plaintiff; and/or cause Plaintiff to be detained and prosecuted.

234) Further, if probable or arguable probable cause existed to arrest and/or

50

prosecute the Plaintiff, the Collective Defendants knew or had reason to know that said probable or arguable probable cause to arrest Plaintiff; retain Plaintiff; and/or cause Plaintiff to be detained and prosecuted dissipated and, therefore, was illegal and in contravention to Plaintiff's constitutional rights.

235)  Without such probable cause, Defendants NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, in his individual and official capacity NASSAU COUNTY SGT PATRICK C ONEILL, in his individual and official capacity, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1- 10, in their individual and official capacities, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE JOHN AND JANE DOE # 1-10 in their individual and official capacities, JOHN AND JANE DOE # 1- 10 wrongfully used physical force to arrest and detain the Plaintiff and/or caused Plaintiff to be detained through the use of physical force.

236)  Plaintiff was physically prevented from leaving the custody of Collective Defendants, kept there under the supervision and knowledge of the Defendants without access to his freedom, family, dignity, medical care, business and/or home.

237)  Further, upon information and belief, the NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE JOHN AND JANE DOE # 1-10 in their individual and official capacities, JOHN AND JANE DOE # 1- 10 failed to investigate or adopted a false, misleading or inappropriate investigation, contrary to law and contrary to their job function(s) and duties.

238)   This detainment of Plaintiff violated the Plaintiff's constitutional rights and due process rights to be free from illegal arrest, illegal confinement, illegal prosecution, fair and untainted evidence and/or illegal seizure.

239)   Such detainment not only prevented Plaintiff to be free from unconstitutional restraint but it also deprived Plaintiff of his ability to earn income.

240)   Further, these acts were done with the purpose and design to deprive Plaintiff of the ability to run his business (and engage in the Fire Industry) and ruin the Plaintiff's life so that he would cease to be able to operate his business.

241)   The subsequent malicious prosecution of Plaintiff following his wrongful arrest, which was conducted by Defendants with knowledge that Plaintiff was wrongfully stopped, falsely detained, threatened and wrongfully arrested, was committed by Collective Defendants under color of law, customs, usages and/or statutes of the State of New York.

242)   Under color of law, Collective Defendants ALAN JACOBY, LIPARI, ANTHONY LIPARI AND ASSOCIATES, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, in his individual and official capacity, NASSAU COUNTY DETECIVE JOSEPH RUBINO, in his individual and official capacity NASSAU COUNTY SGT PATRICK C ONEILL, in his individual and official capacity, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1- 10, in their individual and official capacities, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, NASSAU COUNTY DISTRICT ATTORNEY'S

OFFICE JOHN AND JANE DOE # 1-10 in their individual and official capacities, JOHN AND JANE DOE # 1- 10 deprived Plaintiff of his rights to protection from unlawful search and seizure by falsely charging him criminally, failing to investigate and/or providing a false/misleading/inadequate investigation, and prosecuting the plaintiff pursuant to said criminal statutes, for which there was no evidence or substantiation of any kind to support the allegations.

243)   The accusations of wrongful actions leveled against Plaintiff were false and were an attempt by the Collective Defendants, acting individually and collectively, to cover up the false arrest and abuse of process which has been inflicted by Defendants on Plaintiff.

244)   The Defendants acted under color of law to deny the Plaintiff his constitutional rights to due process and freedom from seizure, by wrongfully detaining him under threat of imprisonment, without providing any reasonable basis and/or investigation warranting prosecution, or other due process guarantees secured to the Plaintiff.

245)   Defendants, collectively and individually initiated the prosecution of Plaintiff and/or caused the initiation of Plaintiff's prosecution based upon their affirmative bad-faith actions outlined above. Collective Defendants then caused the malicious prosecution of Plaintiff to continue for over a year following his arrest - due to their ongoing and collective malicious actions.

246)   Defendants, collectively and individually, upon information and belief, initiated the false investigation, misleading investigation and/or improper investigation of

Plaintiff and/or caused the initiation of Plaintiff's prosecution based upon their affirmative bad-faith actions outlined above and in the scope of their duty to not present false evidence/investigate claims appropriately and fairly. Collective Defendants then caused the malicious prosecution of Plaintiff to continue for over a year following his arrest - due to their ongoing and collective malicious actions.

247)   The criminal prosecution of Plaintiff is still ongoing but Plaintiff anticipates will be terminated favorably.

248)   As a consequence of Collective Defendants' wrongful actions, negligent behavior, and violation of state laws, Plaintiff was deprived of his freedom, was made to suffer physical and emotional injuries, was caused to suffer special damages including but not limited to legal fees and medical costs; was subjected to great fear, terror, personal humiliation and degradation.

249)   As a direct and proximate result of the aforesaid acts by Defendants, Plaintiff, EDWARD PARKE was falsely and maliciously prosecuted by Defendants. Consequently, EDWARD PARKE is entitled to compensatory damages, miscellaneous court costs, and other awards as seen fit, in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

## AS AND FOR AN EIGHTH COUNT
### 42 U.S.C. § 1985 and 42 U.S.C. 1986

250)   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 249 of this *Complaint* with the same force and effect as though

fully set forth herein.

251) Defendants ALAN JACOBY, LIPARI, ANTHONY LIPARI AND ASSOCIATES, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, in his individual and official capacity, NASSAU COUNTY DETECIVE JOSEPH RUBINO, in his individual and official capacity NASSAU COUNTY SGT PATRICK C ONEILL, in his individual and official capacity, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1- 10, in their individual and official capacities, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE JOHN AND JANE DOE # 1-10 in their individual and official capacities, JOHN AND JANE DOE # 1- 10 did intend and conspire to deprive Plaintiff of his 4th, 5th, and 14th Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully detain, arrest, and subject Plaintiff to continued false prosecution.

252) Upon information and belief, Defendants NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE JOHN AND JANE DOE # 1-10 in their individual and official capacities, JOHN AND JANE DOE # 1- 10 JOHN AND JANE DOE # 1- 10 did conspire with Defendants ALAN JACOBY, LIPARI, ANTHONY LIPARI AND ASSOCIATES, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, NASSAU COUNTY DETECTIVE JOSEPH RUBINO, NASSAU COUNTY SGT PATRICK C ONEILL, and/or NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1- 10 insofar as providing, failing to provide an appropriate criminal

investigation, filing process, covering up and/or continuing to criminally charge and/or falsely prosecute EDWARD PARKE.

253) To wit, the NASSAU COUNTY District Attorney's office continued a prosecution based upon the influence, false information, and/or malicious and improper influence of the aforesaid defendants.

254) Upon information and belief, the NASSAU COUNTY District Attorney's Office were influenced by JACOBY and/or LIPARI, engaged in an inappropriate investigation, failed to investigate or knowingly, negligently and/or recklessly presented false evidence and/or false information as part of their investigative duties.

255) Upon information and belief, the NASSAU COUNTY District Attorney's Office engaged in an inappropriate investigation, failed to investigate or knowingly, negligently and/or recklessly presented false evidence and/or false information as part of their investigative duties.

256) Upon information and belief, the Collective Defendants further deprived the Plaintiff of his due process rights; specifically, by conspiring to unlawfully detain, arrest, and prosecute Plaintiff without reason or justification, rule of law, and by further denying the Plaintiff his 5th Amendment rights via a conspiracy to cover the misconduct of said officers and officials and to prevent Plaintiff from being compensated for their unlawful conduct and unjustified arrest and prosecution causing the Plaintiff to suffer and continue to suffer severe physical and emotional harm.

257) Defendants ALAN JACOBY, LIPARI, ANTHONY LIPARI AND ASSOCIATES, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT,

NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, in his individual and official capacity, NASSAU COUNTY DETECTIVE JOSEPH RUBINO, in his individual and official capacity NASSAU COUNTY SGT PATRICK C ONEILL, in his individual and official capacity, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1- 10, in their individual and official capacities, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE JOHN AND JANE DOE # 1-10 in their individual and official capacities, JOHN AND JANE DOE # 1- 10 did act in concert to deprive Plaintiff of his constitutional rights directly and proximately causing harm to the Plaintiff.

258)   The actions by Defendants denied the Plaintiff his due process and equal protection under the law.  All of these rights are guaranteed to the Plaintiff under U.S.C. §§ 1983, 1985, 1986 and the 4th, 5th, and 14th Amendments to the United States Constitution.

259)   As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, his business seriously injured, he was falsely prosecuted, he was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

260)   That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief

this Court may find just and proper.

## AS AND FOR A NINTH COUNT
42 U.S.C. § 1986 - FAILURE TO INTERVENE

261)  Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 260 of this *Complaint* with the same force and effect as though fully set forth herein.

262)  The Defendants ALAN JACOBY, LIPARI, ANTHONY LIPARI AND ASSOCIATES, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, in his individual and official capacity, NASSAU COUNTY DETECIVE JOSEPH RUBINO, in his individual and official capacity NASSAU COUNTY SGT PATRICK C ONEILL, in his individual and official capacity,  NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1- 10, in their individual and official capacities, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE JOHN AND JANE DOE # 1-10 in their individual and official capacities, JOHN AND JANE DOE # 1- 10 acting under color of state law, both collectively and individually, have engaged in actions and abuses which have deprived Plaintiff of rights, privileges and immunities secured by the United States Constitution, including, but not limited to, rights secured by the 4th, 5th, 14th Amendments  and other laws  in violation of 42 U.S.C. §§ 1983 and 1985.

263)  In derogation of their duty, Defendants ALAN JACOBY, LIPARI, ANTHONY LIPARI AND ASSOCIATES, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, in

his individual and official capacity, NASSAU COUNTY DETECIVE JOSEPH RUBINO, in his individual and official capacity NASSAU COUNTY SGT PATRICK C ONEILL, in his individual and official capacity,  NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1- 10, in their individual and official capacities, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE JOHN AND JANE DOE # 1-10 in their individual and official capacities, JOHN AND JANE DOE # 1- 10 having the power to do so, failed to prevent the commission of, or neglected or refused the same, the forcible restrain, unlawful detention and arrest, mistreatment and prolonged prosecution of Plaintiff, and therefore are liable to the Plaintiff for all direct and proximate results of said acts.

264) In derogation of their duty, Defendants ALAN JACOBY, LIPARI, ANTHONY LIPARI AND ASSOCIATES, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, in his individual and official capacity, NASSAU COUNTY DETECIVE JOSEPH RUBINO, in his individual and official capacity NASSAU COUNTY SGT PATRICK C ONEILL, in his individual and official capacity,  NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1- 10, in their individual and official capacities, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE JOHN AND JANE DOE # 1-10 in their individual and official capacities, JOHN AND JANE DOE # 1- 10 having the power to do so, failed to prevent the abuse of process and malicious prosecution of Plaintiff, and therefore are liable to the Plaintiff for all direct and proximate results of said acts.

265) Defendants, ALAN JACOBY, LIPARI, ANTHONY LIPARI AND ASSOCIATES, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, in his individual and official capacity, NASSAU COUNTY DETECIVE JOSEPH RUBINO, in his individual and official capacity NASSAU COUNTY SGT PATRICK C ONEILL, in his individual and official capacity,  NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1- 10, in their individual and official capacities, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE JOHN AND JANE DOE # 1-10 in their individual and official capacities, JOHN AND JANE DOE # 1- 10 were required to, had the knowledge, duty and ability to prevent the violation of Plaintiff's Constitutional Rights but did fail to intervene.

266)   As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was deprived of his freedom, was seriously injured, was subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer emotional pain and impairment, loss of business, loss of business opportunity, interference with personal life including but not limited to his marital affairs coupled, as a result of the aforesaid unlawful conduct of Defendants.

267)   That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorney fees, and any other relief this Court may find just and proper.

## AS AND FOR A TENTH COUNT
## NEGLIGENCE
## PENDENT JURISDICTION

268)   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 267 of this *Complaint* with the same force and effect as though fully set forth herein.

269)   Defendants ALAN JACOBY, LIPARI, ANTHONY LIPARI AND ASSOCIATES, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, in his individual and official capacity, NASSAU COUNTY DETECIVE JOSEPH RUBINO, in his individual and official capacity NASSAU COUNTY SGT PATRICK C ONEILL, in his individual and official capacity,  NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1- 10, in their individual and official capacities, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE JOHN AND JANE DOE # 1-10 in their individual and official capacities, JOHN AND JANE DOE # 1- 10 acted negligently in that they had a duty to act reasonably and responsibly and not to act in a manner that would cause injury and/or harm or the threat of harm to the Plaintiff. Defendant NASSAU COUNTY and NASSAU CONTY POLICE OFFICERS had a duty not to subject Plaintiff to false arrest, false imprisonment, wrongful institutionalization, excessive force, battery, forced jailing, denial of right to move freely as he wished, prolonged prosecution and summary punishment or otherwise abuse Plaintiff. Defendant Officers had a duty to act as would prudent police and/or reasonable

61

persons, by not taking actions, which would endanger the life of Plaintiff and not using excessive force or otherwise violating the Constitutional and civil rights of Plaintiff. Defendant Police Officers, in their actions, breached those duties.

270)   Defendants NASSAU COUNTY and the NASSAU COUNTY POLICE DEPARTMENT, their agents, employees, and/or servants, violated the Plaintiff's rights secured under the United States Constitution and 42 U.S.C. § 1983, and were careless, negligent and reckless in the care and treatment of Plaintiff by failing to train, supervise, discipline, and investigate the Defendant Officers involved in the instant matter. Defendants NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, in his individual and official capacity NASSAU COUNTY SGT PATRICK C ONEILL, in his individual and official capacity, NASSAU COUNTY DETECIVE JOSEPH RUBINO, in his individual and official capacity NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1- 10, in their individual and official capacities, JOHN AND JANE DOE # 1- 10 knew or should have known  of the Defendant Officers' propensities for the conduct which caused substantial and severe injury to the Plaintiff.

271)   In the acts complained of herein, each of the Defendants acted negligently in that they had a duty to properly investigate, act within the scope of their authority, and not to falsely arrest, falsely imprison, use excessive force or otherwise violate the Constitutional and civil rights of Plaintiff, and in that they breached said duty.

272)   That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00)

DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR AN ELEVENTH COUNT
### BATTERY
### PENDENT JURISDICTION

273)   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 272 of this *Complaint* with the same force and effect as though fully set forth herein.

274)   Defendants ALAN JACOBY, LIPARI, ANTHONY LIPARI AND ASSOCIATES, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, in his individual and official capacity, NASSAU COUNTY DETECIVE JOSEPH RUBINO, in his individual and official capacity NASSAU COUNTY SGT PATRICK C ONEILL, in his individual and official capacity,  NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1- 10, in their individual and official capacities, JOHN AND JANE DOE # 1- 10 having illegally and unlawfully detained Plaintiff, battered, restrained and handled Plaintiff without consent or authority, continued to violate the rights of the Plaintiff as well as the laws of the State of New York when while continuing hold and restrain Plaintiff. Defendant Police Officers subjected Plaintiff to additional battery by restraint, arrest and continued detention.

275)   The aforementioned Defendants wrongfully, unlawfully and without privilege, consent, emergency, necessity, or justification, forced Plaintiff to prolonged detention and abuse. Plaintiff at no time consented to such abuse or seizure of his person by Defendant Officers. Said actions were intentional and aimed at injuring and causing Plaintiff harm discomfort, pain and humiliation.

276) Plaintiff was battered and touched against his will.

277)   The aforementioned Defendants' use force and abuse Plaintiff, placing him in fear of imminent danger and/or bodily harm, and subjected her to great pain and physical injury by virtue of Defendant's collective conduct including, but not limited to, the unwarranted and unjustified use of force on Plaintiff's body.

278)   In the acts complained of herein, each of the Defendants acted negligently in that they had a duty to properly investigate, act within the scope of their authority, and not to use excessive force or otherwise violate the Constitutional and civil rights of Plaintiff, and in that they breached said duty.

279)   That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

### AS AND FOR A TWELTH COUNT
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### PENDENT JURISDICTION

280)   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 279 of this *Complaint* with the same force and effect as though fully set forth herein.

281)   The Defendants ALAN JACOBY, LIPARI, ANTHONY LIPARI AND ASSOCIATES, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, in his individual and official

capacity, NASSAU COUNTY DETECIVE JOSEPH RUBINO, in his individual and official capacity NASSAU COUNTY SGT PATRICK C ONEILL, in his individual and official capacity, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1- 10, in their individual and official capacities, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE JOHN AND JANE DOE # 1-10 in their individual and official capacities, JOHN AND JANE DOE # 1- 10 through their conduct, acts, and omissions acted outrageously and beyond the bounds of decency for their respective roles in (a) wrongfully restraining, confining, and, at times, handcuffing Plaintiff, EDWARD PARKE at the scene of several prospective clients; (b) concealing, falsely and inappropriately investigating criminal allegations, covering up, and failing to redress the wrongs done to EDWARD PARKE; (c) interfering in the business and business opportunities of EDWARD PARKE; and (d) interfering with the marital affairs of EDWARD PARKE. As a result, Plaintiff, EDWARD PARKE has suffered great pain, shame, humiliation and anguish.

282) Upon information and belief, some of the aforementioned Defendants, ALAN JACOBY, LIPARI, ANTHONY LIPARI AND ASSOCIATES, and/or JOHN AND JANE DOE # 1- 10 did make phone calls to Plaintiff's wife and family, leave messages (including physically delivering photographs) to Plaintiff's wife and family and engage in other forms of communication to imply that Plaintiff was unclean, unfaithful and undutiful to his family and business obligations.

283) ALAN JACOBY, LIPARI, ANTHONY LIPARI AND ASSOCIATES, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY

DETECIVE MATTHEW J. OCONNELL, in his individual and official capacity, NASSAU COUNTY DETECIVE JOSEPH RUBINO, in his individual and official capacity NASSAU COUNTY SGT PATRICK C ONEILL, in his individual and official capacity, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1- 10, in their individual and official capacities, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE, NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE JOHN AND JANE DOE # 1-10 in their individual and official capacities, JOHN AND JANE DOE # 1- 10 knew and had reason to know of the above but failed to intervene and/or act causing harm to both Plaintiff's business and marriage.

284)   As a result of Defendants' collective actions, both Plaintiff's business and marriage did suffer and/or has become irreparably damaged.

285)   The Defendants committed the above stated reprehensible, extreme and outrageous conduct against EDWARD PARKE, with intent and full knowledge that their conduct would cause severe and extreme emotional and physical harm to EDWARD PARKE, with such extreme emotional harm being intended.

286)   The Defendants knew or had reason to know that EDWARD PARKE Defendants, individually and collectively, acted with intent and full knowledge that their conduct would cause severe and extreme emotional and physical harm to EDWARD PARKE during the pendency of criminal charges, whereby Defendants knew or had reason to know Plaintiff EDWARD PARKE was not guilty of such criminal activity but Defendants acted to caused him extreme emotional harm by virtue of his familial, business, physical and emotional state.

287)   Said extreme emotional harm, with psychological and physical symptoms manifesting therefrom, did in fact occur in this case, in that the Plaintiff, EDWARD PARKE, personally suffered and continues to suffer from emotional exhaustion, physical manifestation of symptoms of anxiety, night terrors, sleep disturbances and grief. Plaintiff further suffers the emotional and physical distress of intense stress, anguish, and psychological trauma, knowing that he was debilitated, humiliated, and caused to suffer fear for his life, well-being, and anguish by the acts of the Defendants.

288)   That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A THIRTEENTH COUNT
### NEW YORK LAW - FRAUD

289)   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 288 of this *Complaint* with the same force and effect as though fully set forth herein. NEW YORK LAW-FRAUD

290)   Defendant ALAN JACOBY (as condoned, inspired and/or in concert with LIPARI and/or John and Jane Does # 1-10) fraudulently made representations of fact about  what occurred on the above mentioned dates (both arrests and other various allegations of wrongdoing) when he filed a police report on what took place at the purported scene of the crime(s). The representation was clearly false since they are

unfounded and are not supported by any evidence or any eyewitnesses that were present and saw the incident between Defendant ALAN JACOBY and Plaintiff.

291)   Defendant ALAN JACOBY knew that his representation of fact was false and made the representation recklessly without regard to whether it was true or false. Defendant JACBY made the representation to induce Defendants COUNTY, POLICE DEPARTMENT, OFFICERS, NASSAU COUNTY, NASSAU COUNTY POLICE DEPARTMENT, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, RUBNIO NASSAU COUNTY SGT PATRICK C ONEILL, NASSAU COUNTY POLICE OFFICERS JOHN AND JANE DOE # 1- 10,, and DISTRICT ATTORNEY'S OFFICE to rely upon it and that Defendants COUNTY, POLICE DEPARTMENT, OFFICERS, NASSAU COUNTY DETECIVE MATTHEW J. OCONNELL, NASSAU COUNTY SGT PATRICK C ONEILL and DISTRICT ATTORNEY'S OFFICE did rely on his false representation of fact and as a result Plaintiff sustained damages.

292)   As a result of this baseless prosecution and abuse of process, Plaintiff has suffered continued emotional damage and has been harmed monetarily in incurring attorney fees, lost of business opportunities, and other expenses incurred in an attempt to clear Plaintiff from these false and maliciously imposed criminal charges. Such acts caused Plaintiff EDWARD PARKE to suffer multiple injuries including but not limited to lost wages, mental anguish, mental pain and suffering, fear, anxiety, humiliation, embarrassment, loss of future employment, loss of business, incarceration, permanent damage to standing in the community, loss of freedom, loss of support, damage to name and reputation, and other injuries not yet fully ascertained.

293)   That by reason of the foregoing, Plaintiff suffers and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000) DOLLARS as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

## AS AND FOR A FOURTEENTH COUNT
## NEGLIGENCE - HIRING, SUPERVISION AND RETENTION
## PENDENT JURISDICTION

294)   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 293 of this *Complaint* with the same force and effect as though fully set forth herein.

295)   Defendants ALAN JACOBY was hired and/or worked with or as agent of LIPARI/ANTHONY LIPARI AND ASSOCIATES.

296)   Defendants ALAN JACOBY and LIPARI/ANTHONY LIPARI AND ASSOCIATES had a duty not to subject Plaintiff to false arrest, false imprisonment, wrongful institutionalization, excessive force, battery, forced jailing, denial of right to move freely as he wished, prolonged prosecution and summary punishment or otherwise abuse Plaintiff.

297)   Defendants LIPARI/ANTHONY LIPARI AND ASSOCIATES knew and had reason to know of JACOBY's acts but failed to appropriately reprimand, discourage and/or relieve JACOBY of his employment (whether contract, at-will, per diem or otherwise) with LIPARI/ANTHONY LIPARI AND ASSOCIATES.

70

298) In the acts complained of herein, each of the Defendants acted negligently in that they had a duty to properly investigate, act within the scope of their authority, and not to allow false arrest, false imprisonment, and/or illegal use of process or otherwise violate the Constitutional and civil rights of Plaintiff, and in that they breached said duty.

299) Upon information and belief, Defendants LIPARI/ANTHONY LIPARI AND ASSOCIATES knew and had reason to know of JACOBY's acts and LIPARI/ANTHONY LIPARI AND ASSOCIATES encouraged the same to displace, remove and/or eliminate competition in the FIRE INDUSTRY.

300) That by reason of the foregoing, Plaintiff suffered and continues to suffer irreparable injury and monetary damages in excess of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages, costs and attorneys fees, and any other relief this Court may find just and proper.

**WHEREFORE** Plaintiff demands judgment against Defendants:

a.    on the First Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

b.    on the Second Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

c.    on the Third Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

d.    on the Fourth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

e.    on the Fifth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

f.      on the Sixth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

g.      on the Seventh Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

h.      on the Eighth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

i.      on the Ninth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

j.      on the Tenth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

k.      on the Eleventh Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

l.      on the Twelfth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

m.      on the Thirteenth Count in the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

n.      on the Fourteenth Count in the sum of FIVE MILLION ($5,000,000) DOLLARS;

o.      Punitive damages in the amount of FIVE MILLION ($5,000,000) DOLLARS;

p.      Award attorney's fees and costs of this action to the Plaintiffs pursuant to 42 U.S.C. § 1988;

q.      Declaratory Judgment that defendants wilfully violated plaintiffs' rights secured by federal and state law as alleged herein;

r.      Injunctive relief, requiring defendants to correct all past violations of federal and state law as alleged herein; to enjoin defendants from continuing to violate federal and state law as alleged herein; and to order such other injunctive relief as may be appropriate to prevent any future violations of said federal and state laws;

s.      Award such other and further relief as this Court may deem appropriate.

72

***A JURY TRIAL IS HEREBY DEMANDED***

Dated: Suffolk, New York
     October 8, 2016

/s/
_____
Law Offices of Michael J. Alber, P.C.
By: Michael J. Alber, Esq.
Attorney Bar Cod: MA 2901
Attorneys for Plaintiff
5036 Jericho Turnpike
Commack, NY 11725
Suite 305
631-462- 6900
mja@alberlaw.com